NOT FOR PUBLICATION                                           (Doc. No. 5)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                                                        :
ESTHER GARCIA PEREZ,                   :
                                                        :
            Plaintiff,                            :
                                                        :            Civil No. 10-348 (RBK/KMW)
      v.                                            :
                                                        :                 **OPINION**
JANET NAPOLITANO, in her capacity as   :
Secretary of the Department of Homeland   :
Security, and DEPARTMENT OF             :
HOMELAND SECURITY,                    :
                                                        :
            Defendants.                        :
_____   :

**KUGLER**, United States District Judge:

        This is an appeal by Plaintiff Esther Garcia Perez from a decision by the Department of

Homeland Security ("DHS") denying her Application for Permission to Reapply for Admission

into the United States after Deportation or Removal.  Defendants move to dismiss Plaintiff's

Complaint because Plaintiff did not properly serve Defendants within 120 days after filing the

Complaint.  See Fed. R. Civ. P. 4(m).  Plaintiff does not deny that she failed to timely serve the

Complaint.  Rather, she requests that the Court grant her an extension of time.  For the reasons

discussed below, the Court denies Defendants' motion and grants Plaintiff fourteen days to

properly serve Defendants.

**I.       BACKGROUND**

        Plaintiff is a citizen of the United Mexican States.  She was deported from the United

States of America in June 1999.  She immediately re-entered the United States without

inspection, and she currently resides in Trenton, New Jersey.  In October 2007, Plaintiff filed an

1

Application to Register Permanent Residence or Adjust Status (an "I-485 Application") based on her spouse's I-485 Application.  However, the Immigration and Nationality Act ("INA") provides that an alien previously ordered removed from the United States who re-enters without being admitted is inadmissible for ten years after the alien's last departure.  See 8 U.S.C. § 1182(a)(9)(C)(i)(II); 8 U.S.C. § 1182(a)(9)(C)(ii).  Thus, in September 2008, Plaintiff filed for Permission to Reapply for Admission into the United States After Deportation or Removal (an "I-212 Waiver").  Plaintiff's I-212 Waiver requested that the DHS waive the ten-year bar to her re-entry.

On February 18, 2009, DHS denied Plaintiff's I-212 Waiver.  DHS found that the INA permits an alien to re-apply for admission into the United States after being removed only if the alien makes the request before re-embarking for the United States and more than ten years elapsed from the date of the alien's last departure from the United States.  In March 2009, the DHS denied Plaintiff's I-485 Application because she was ineligible for permanent residence on account of the INA's ten-year bar to re-entry.  Plaintiff subsequently moved DHS to reconsider its rulings.  In April 2009, DHS denied Plaintiff's motion for reconsideration.

In a first-class package postmarked January 15, 2010, Plaintiff's counsel sent a copy of an un-filed Complaint to the United States Attorney's Office in Newark, New Jersey.  The Complaint asserts a claim under the Administrative Procedure Act ("APA") for violations of the INA and the Fifth Amendment to the United States Constitution.  Plaintiff seeks a declaratory judgment requiring DHS to "reconsider and re-adjudicate . . . Plaintiff's I-212 waiver and I-485 application . . . ."  (Pl's Compl., at 5).  Plaintiff subsequently filed her Complaint on January 20, 2010.  On April 26, 2010, less than 120 days after Plaintiff filed her Complaint, the United States Attorney's Office for the District of New Jersey sent a letter to Plaintiff's counsel advising that

2

Plaintiff had not effectuated proper service of process and that Defendants would not respond to the Complaint unless and until Plaintiff properly served Defendants.  According to the docket, Plaintiff first requested a Summons on June 11, 2010, more than 120 days after filing the Complaint.  Plaintiff claims that she finally served Defendants on July 21, 2010.  Defendants state that they "do not have a record of the United States Attorney's Office having been properly served with a Summons and Complaint in this matter." (Decl. of James B. Clark III, dated July 29, 2010, ¶ 7).  Defendants also note that even if Plaintiff served Defendants on July 21, 2010, service occurred more than 120 days after Plaintiff filed the Complaint.

Defendants now move to dismiss the Complaint pursuant to Rule 4(m) for insufficient service of process.  Plaintiff does not deny that she failed to serve Defendants within 120 days after filing her Complaint.  Rather, she requests that the Court not dismiss the Complaint "purely on technical grounds" and grant her an extension of time to serve Defendants.  (Pl's Opp'n, at 1).  Plaintiff explains that she did not timely serve the Complaint because the attorney who filed the Complaint subsequently resigned from the law firm representing her and the firm did not have another attorney admitted to practice before this Court.  The firm eventually hired a new attorney who gained admission to this Court and then served the Complaint.  Plaintiff requests that the Court not dismiss the Complaint in light of these circumstances.

## II.    ANALYSIS

The Third Circuit has established a two-part test for determining whether to dismiss a complaint under Rule 4(m).  See Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997).  First, the court must determine whether "good cause exists for a plaintiff's failure to effect timely service." Id.; see Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).  If good cause exists, the court must grant the plaintiff an extension of time to serve the complaint.  Id. (citing

Fed R. Civ. P. 4(m)).  Second, if good cause does not exist, the court must nevertheless consider whether to grant a discretionary extension of time.  Id. (citing MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995), cert. denied, 519 U.S. 815 (1996)).

In determining whether good cause exists, "the court's primary focus is on the plaintiff's reasons for not complying with the time limit in the first place."  Id. at 1097.  The Third Circuit "has equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires a 'demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'"  Id. (citing Petrucelli, 46 F.3d at 1312).  The Third Circuit has also cited three factors that courts consider when determining the existence of good cause:  "(1) reasonableness of plaintiff's efforts to serve; (2) prejudice to the defendant by lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve."  Id. (citing United States v. Nuttall, 122 F.R.D. 163, 166-67 (D. Del. 1988)).

When considering whether to grant a discretionary extension under the second part of the analysis, the court must do more than reiterate its good-cause finding under the first part of the analysis.  See id. at 758.  An extension of time may be appropriate even if the plaintiff's delay was inexcusable.  Id.  Denying a discretionary extension of time is appropriate if the plaintiff's delay prejudiced the defendant's ability to defend on the merits.  See id. at 759 (collecting cases where the court properly denied an extension of time to serve because the plaintiff's delay prejudiced the defendant's ability to defend on the merits).

Applying those principles to this case, the Court finds that Plaintiff has not shown good cause for her delay, but a discretionary extension of time is nevertheless appropriate.  Plaintiff's explanation for her failure to timely serve the Complaint does not amount to good cause.

Plaintiff's only justification for her delay is that the attorney handling her case resigned from the law firm after filing the Complaint, and, upon his resignation, the firm did not have an attorney admitted before this Court to effectuate service.  Plaintiff admits, however, that her attorney filed the Complaint in January 2010 but did not leave the firm until sometime in February 2010. Plaintiff makes no attempt to explain why the Complaint was not served after it was filed but before her attorney resigned.  Moreover, Plaintiff does not explain why the firm did not associate with an attorney admitted before this Court, or make an appropriate motion for an extension of time to obtain local counsel after the attorney resigned.  See Boley, 123 F.3d at 758 (finding that the plaintiff's failure to make a timely motion requesting an extension of time to serve the complaint is indicative of a lack of good cause for delay).  Thus, the Court finds that Plaintiff did not take reasonable steps to timely serve Defendants or timely request an extension of time, and, therefore, she has not established good cause entitling her to an extension of time as of right.  See Fed. R. Civ. P. 4(m).

However, the Court finds that a discretionary extension of time is appropriate.  The record does not suggest that Defendants will suffer any prejudice regarding their ability to defend Plaintiff's claims on the merits because of Plaintiff's delay.  Rather, Defendants ask the Court to dismiss the Complaint without prejudice based on Plaintiff's untimely service.  See Fed. R. Civ. P. 4(m) (permitting court to dismiss only without prejudice).  The likely consequence of this action would be that Plaintiff would simply re-file the Complaint and properly serve Defendants.[1]  This would only add unnecessary steps to the litigation.  Because Defendants

---

[1] Neither party raises the statute of limitations as a consideration on this motion.  Plaintiff's claim appears to be subject to the six-year limitations period for civil claims against the United States brought under the APA.  See 28 U.S.C.S. § 2401; Nagahi v. INS, 219 F.3d 1166, 1171 (10th Cir. 2000) ("In the absence of a specific statutory limitations period, a civil action against the United States under the APA is subject to the six year limitations period found in 28 U.S.C. § 2401(a)").  Thus, the statute of limitations would not likely bar Plaintiff from re-filling her Complaint.

suffered no prejudice from Plaintiff's failure to timely serve the Complaint, and because the Federal Rules of Civil Procedure generally favor the prompt resolution of disputes on the merits, the Court grants Plaintiff fourteen days to properly serve Defendants.  See Ciemniecki v. Parker McCay P.A., No. 09-6450, 2010 U.S. Dist. LEXIS 121077, at *8-9 n.1 (D.N.J. Nov. 15, 2010) (deciding a procedurally improper motion on the merits because "it is most efficient for the Court to decide the pending motion on the merits rather than deny it on procedural grounds and require the [party] to re-file the same motion"); see also Fed. R. Civ. P. 1 ("These rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

## III.    CONCLUSION

For the reasons discussed above, the Court denies Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 4(m) and grants Plaintiff fourteen days to properly serve Defendants.  An appropriate Order shall enter.


Dated:  1/18/11                                    /s/ Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge